IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv256

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| PAUL L. McKEAN, | ) | |
| Defendant and Counter Claimant, | ) | |
| Vs. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Counter Defendant. | ) | |

**THIS MATTER** is before the court on the CIAC (#8) and the joint Motion to Hold Case in Abeyance (#9). Review of the CIAC reveals that an IAC was conducted on September 24, 2008, and review of the motion indicates that the parties believe that this action may be resolved by staying this matter while defendant and counter claimant returns to the Bankruptcy Court in Florida for a determination of whether that court discharged defendant's student loans, the repayment of which is the subject matter of this litigation. The Court of Appeals for the Fourth Circuit has spoken to staying a matter in district court pending a decision in another federal court:

> [P]rinciples of judicial comity and efficiency are implicated to a large extent when one court is asked to provide interim relief in an ongoing action in another court, *see Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), particularly where both courts are federal. *See id.* at 817-18,

-1-

> 96 S.Ct. at 1246-47; *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1976). But a generalized concern over comity does not waive "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246.
> Although no rule delineates the precise criterion to be applied on those rare occasions when concurrent federal proceedings may excuse mandating judicial action, "the general principle is to avoid duplicative litigation." *Id.* Ulmet, however, does not seek to retry his case, or to gain identical relief through alternate channels. Ulmet seeks interlocutory equitable relief, available only in the district court, and requiring no duplicative adjudication as to nature or amount.

Ulmet v. United States, 888 F.2d 1028, 1035 (4th Cir. 1989). Thus, this court has considered whether avoidance of duplicative litigation outweighs the "unflagging obligation of the federal courts to exercise the jurisdiction given them." Id.

First, the court has considered the issue that confronts the parties, which is whether, in the 1997 action, the bankruptcy court in Florida discharged plaintiff's student loans. It is well established that an individual may not discharge educational debt, including "any [] educational loan," absent a showing of "undue hardship." 11 U.S.C. § 523(a). To demonstrate "undue hardship," a debtor must show (1) that he cannot currently maintain "a minimal standard of living" if forced to repay the debt; (2) that "this state of affairs is likely to persist for a significant portion of the repayment period"; and (3) that he has made "good-faith efforts" to repay the debt. In re Faish, 72 F.3d 298, 304-05 (3d Cir. 1995).

In this case, the parties state that the "best method to resolve the dispute is for the defendant to seek an order from the Florida bankruptcy court determining the dischargeability of the debt . . . ." Motion, at ¶ 5. Use of the word "dischargeability" gives the court some pause as the question is not whether the debt is dischargeable,

but instead whether the bankruptcy court actually *discharged* the debt in the 1997 action. Such formulation of the question would appear to be important inasmuch as Section 523(a) looks to whether the debtor cannot "currently" maintain a certain standard of living. <u>In re Faish</u>, <u>supra</u>. Thus, the court is at a loss as to why a *true teste* copy of the 1997 bankruptcy court decision simply cannot be submitted and reviewed to determine whether a Section 523(a) discharge was granted. It would seem to this court that the bankruptcy court would have had to make some very specific findings to support such a discharge. Indeed, under Bankruptcy Rule 7001, an adversary proceeding would have to occurred - - to which the government would have be a party - - and a judgment entered discharging the debt in the 1997 action. Certainly, this court is obliged to give full faith and credit to the judgment of that court, and the lack of any such judgment would also speak volumes as to whether, in fact, this debt was discharged.

The next item that causes the court to question whether it should decline to exercise its jurisdiction is the statement in the pleadings that defendant will seek to reopen this matter in the Florida bankruptcy court in 60 days when he returns to Florida for the winter. Motion, at ¶ 6. The court knows of no impediment that would prevent defendant from filing a petition with the bankruptcy court by mail *now* and at least get matters moving forward.

The court is also concerned that defendant is without counsel in this matter and will likely be without counsel in Florida. If the court were to simply stay this matter on a promise that defendant will file the appropriate petition after returning to Florida

in 60 days, there simply is no guarantee that the necessary work will be accomplished. With the joinder of the issues the issues, the parties are no longer operating on their time, but upon the time allowed by the district court, which is 12 months to resolution from joinder.

Having weighed the interests of judicial economy with the court's obligation to exercise the jurisdiction it has, the court will deny the Motion to Stay. In making such determination, the court finds that a convincing case has not been made that another matter is or should be pending in another court. Instead, it would appear to the court that the parties should cause to be filed with this court a *true teste* copy of any judgment they contend discharged this debt. The court will enter a Pretrial Order based on the CIAC that has been filed. The court appreciates the efforts at resolution attempted by the parties as well as the filing of the CIAC.

## ORDER

**IT IS, THEREFORE, ORDERED** that joint Motion to Hold Case in Abeyance (#9) is **DENIED**. The previous Order of this court is satisfied by the filing of the CIAC.

Signed: October 21, 2008

Dennis L. Howell
United States Magistrate Judge